# United States District Court, S.D. Texas, Houston Division.

Civil Action No. _____

HIEN THE NGUYEN
A# 59246162
Petitioner, *pro se*

v.

LORETTA LYNCH,
U.S. Attorney General;
JEH JOHNSTON
Homeland Security; and
PATRICT CONTRERAS
Field Office Director I.C.E.
and ROBERT LACY
Warden of Immigration Detention
Facility. CoreCivic
Respondents

§
§
§
§
§
§
§
§
§
§
§
§
§
§

**PETITION FOR WRIT
OF HABEAS CORPUS**

(In Detention)

United States District Court
Southern District of Texas
FILED
JAN 4 2017
David J. Bradley, Clerk of Court

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2241

Petitioner, **HIEN THE NGUYEN**, hereby petitions this Court for a writ of Habeas Corpus to remedy his unlawful detention by Respondents. Petitioner asks this court to please consider **Haines v. Kerner** 404 U.S. 519,520(1972) holding that *pro se* litigants are to be held to less stringent standards in drafting their motion pleadings than trained lawyers during the determination of this response. In support of this petition and complaint for injunctive relief, the lawfulness of his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") for more than Six months because ICE has been unable to obtain the travel documents necessary to deport him to Vietnam. In support of this Petition and Complaint, Petitioner alleges as follow:

### CUSTODY

1. Petitioner is in the physical custody of the Respondents and **U.S. Immigration and Customs Enforcement ("ICE")**. Petitioner is detained at a facility managed by the CoreCivic located at **15850 Export Plaza Dr, Houston, Texas 77032**. He is under the direct control of the Respondents and their agents.

### JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Naturalization Act (**"INA"**), 8 U.S.C. § 1101 *et seq.*, as *amended* by the Illegal Immigration

Reform and Immigrant Responsibility **Act of 1996 ("IIRIRA"), Pub. L. No. 104208, 110 Stat. 1570**, and the Administrative Procedure **Act ("APA"), 5 U.S.C. § 701** *et seq*.

3. This Court has jurisdiction under **28 U.S.C. § 2241; art. I § 9, cl. 2** of the United States Constitution ("Suspension Clause"); and **28 U.S.C. § 1331**, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to **28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651**.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to ***Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493-500 (1973)**, venue lies in the United States District court for the Southern District of Texas, the judicial district in which Petitioner resides.

## PARTIES

6. Petitioner is a native and citizen of **VIETNAM.** He was born on June 16th 1986 in Dak Lak, Vietnam. Petitioner was last admitted into the United States as a lawful permanent resident on August, 2nd 2008 Since then, Petitioner has been residing in the United States. Petitioner has cooperated fully with all efforts by ICE to remove Petitioner from the United States. To Date, however, ICE has been unable to remove the Petitioner to Vietnam or any other country.

7. Respondent **Loretta Lynch** is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, Mrs. Lynch has ultimate custodial authority over Petitioner.

8. Respondent **Jeh Johnston** is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, Mr. Jeh Johnston is the legal custodian of Petitioner.

9. Respondent **Patrict Contreras** is Houston Field Office Director for **ICE** and is Petitioner's immediate custodian. See **Vasquez v. Reno**, 233 F.3d 688, 690 (1st Cir. 2000) cert. denied, **122 S. Ct. 43 (2001)**.

10. Respondent **Warden Robert Lacy** of Houston Processing Center of CoreCivil where petitioner is currently detained under the authority of **ICE**, Alternatively may be considered to be Petitioner's immediate custodian.

## FACTS

11. Petitioner has been in **ICE** custody since May 20th 2016, where he spent a period of over 180 days since his removal order became final and is unable to be deported back to Vietnam.

12. **Petitioner's custody review for 180 days was on November 20th, 2016.**

13. To Date, however **ICE** has been unable to remove the Petitioner to Vietnam or any other country willing to accept him.

14. Petitioner has fully cooperated with **ICE** officials in obtaining travel documents to effectuate his removal from the United States. **ICE** has his photographs, fingerprints, and identity documents in its record in order to effectuate his removal from the United States.

15. Petitioner has strong family ties in the United States, Petitioner is not a flight risk, will not be a Burden to the society nor will pose a threat to the community. If released, Petitioner will reside with his family.

16. If released, petitioner will reside at: 14811 Mesita Dr, Houston, Tx 77083. Your kind assistance in this regard will be greatly appreciated.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

17. In **Zadvydas v. Davis**, 533 U.S. 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal. **Id. at 702. In Clark v. Martinez,** 543 U.S. 371 (2005), the Supreme Court held that its ruling in **Zadvydas** applies equally to inadmissible aliens. Department of Homeland Security administrative regulations also recognize that the HQPDU has a six-month period for detaining whether there is significant likelihood of an alien's removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(b)(2)(ii).

18. To prevail **Zadvydas** the alien must make a two part showing, first he must establish that he had been detained beyond 6 month set forth in **Zadvydas. Akinwale v. Ashcroft, 287 F.3D 1050 (11th cir. 2002); Fahim V.Ashcroft, 227. Supp.2d 1359 (N.D. Ga.2002)**. Second he must provide "good reasons to believe that there is no significant likelihood of removal in the foreseeable future **Zadvydas, 533 U.S. at 701, 121 S. Ct at 2491; Akinwale, 287F.33d at 1052.** Hien The Hien has satisfied both elements. Petitioner has been detained for **6 Months and 36 Days** precisely since the order became final. Petitioner has been held **36 Days** over the presumptive deadline of 6 Months (180 Days) after order of removal became final.

Hien The Nguyen has satisfied the second part of Zadvydas element, because he has called his Consulate week after week and has gotten no response. There are still no signs of travel documents or clear communication from **ICE** regarding travel documents. Neither Consulate of Vietnam nor **ICE** have provided support or information regarding travel documents of any kind. At this point travel documents and being removed and deported to Vietnam are a lost cause. **See, e.g, Okwilagwe v. INS, U.S. dist Lexis 3596, No. 3-01-Cv-1416-BD, 2002 WL 356758, * 2-3 (N.D. Tex. Mar. 1 2002).**

Petitioner has done everything humanly possible to help Execute and Expedite his Removal, yet there are still no signs or evidence on behalf of **ICE** that petitioner's Removal is foreseeable in the near or distant future. In some circumstances the continued failure of destination country (Vietnam) and its failure to respond or negotiate the requested travel documents may provide **ICE** and the U.S. Government with a "good reason to believe" that removal "Deportation back to (Vietnam ) is not likely in the future and most likely not possible at this point or in the future.

> Continued indefinite detention – poses serious constitutional risks. **Id. At 682** ("Indefinite detentions of aliens...would raise serious constitutional concerns."). Again Supreme Court explained, "freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that **[the Due Process] Clause protects. Id. At 690.**

> Petitioner has satisfied the second element of **Zadvydas** because the government has failed or proffer evidences that show his significant likelihood of removal is foreseeable in the future. "the receiving country's willingness to accept the alien into it's territory "is one of the enumerated factors for considering whether there is significant likelihood of removal in the foreseeable future.

Petitioner was ordered removed on April 6th 2016, and the removal order became final on April 6th 2016. The Petitioner came into **ICE** Custody May 20th 2016. **Therefore, the 180 day presumptively reasonable removal period for Petitioner ended on November 20th 2016 .**

## CLAIMS FOR RELIEF

### COUNT ONE
### STATUTORY VIOLATION

19. Petitioner re-alleges and incorporates by reference paragraphs **1** through **18** above.

20. Petitioner's continued detention by Respondents is unlawful and contravenes **8 U.S.C.§ 1231(a)(6)** as interpreted by the Supreme Court in **Zadvydas**. The 180 day presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed, and Petitioner continues to languish in detention. Petitioner's removal to Vietnam or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in **Zadvydas and Martinez** that ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

## COUNT TWO
## SUBSTANTIVE DUE PROCESS VIOLATION

21. Petitioner re-alleges and incorporates by reference paragraphs **1** through **20** above.

22. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty in freedom from bodily restraint.

23. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonable foreseeable future. **Zadvydas** recognized that **ICE** may continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which **ICE** may detain an alien is only 180 days. Petitioner has already been detained in excess of 180 days and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

24. First, the harm to petitioner if not released is immeasurably significant. The deprivation of petitioner's physical liberty for **6 _Months and 36 Days (216 Days)_** and continuing into the future is an undeniably substantial and irreparable harm. As the Supreme court noted in **Zadvydas**, "if removal is {**215 F. Supp. 2D 54**} not reasonable foreseeable, the court should hold continued detention unreasonable and no longer authorized by statue." **533 U.S. at 699**. Moreover, there is minimal harm to respondents if petitioner is released under appropriate conditions. The "basic purpose" of the statue is "assuring the alien's presence at the moment of removal" Id here, there is little harm threatened by the release of petitioner largely because petitioner's release will be conditioned on **I.C.E's** supervision.

25. Order of Supervision: **ICE** has a program in place by which if a person is ordered removed, whereby if **ICE** is unable to secure their traveling documents, said person can be released from detention and will have to reporting or check in with **ICE** until they are able to secure the petitioner's travel documents.

## COUNT THREE
## PROCEDURAL DUE PROCESS VIOLATION

26. Petitioner re-alleges and incorporates by reference paragraphs **1** through **25** above.

27. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Petitioner in this case has been denied that opportunity. **ICE** does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process. The respondents have failed to acknowledge or act upon the administrative request for release in a timely manner. There is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates **Zadvydas.**

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that this Court grant the following relief:

1) Assume Jurisdiction over this matter;

2) Grant Petitioner a **Writ of Habeas Corpus** directing the Respondents to immediately release Petitioner from custody;

3) Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4) Grant any other and further relief that this Court deems just and proper.

**I affirm, under penalty of perjury that the foregoing is true and correct.**

Respectfully Submitted

Signature _____

**HIEN THE NGUYEN**
**15850 Export Plaza Dr.**
**Houston, TX 77032**

Date 12/26/2016

## CERTIFICATE OF SERVICE

I, **HIEN THE NGUYEN,** hereby swear that a true and exact copy of this document has been sent to duty counsel at:

Office of the District Counsel

126 Northpoint Drive, RM 2020

Houston, Texas 77060.

United States District Court For The Southern District Court

P.O Box 61010

Houston, Texas 77208-1010.

KENNETH MAGIDSON

United States Attorney
Southern District of Texas
Eleanor Robinson Gaither
Assistant United States Attorney
P.O Box 61129
Houston, Texas 77208-1129

HIEN THE NGUYEN

A# 59246162

15850 Export Plaza Dr

Houston, Texas 77032.

Signature_____